### D. E. PIGFORD AND WIFE v. GOLDSBORO LUMBER COMPANY.

(Filed 10 March, 1920.)

**Evidence—Circumstantial Evidence—Nonsuit—Trials.**

> Circumstantial evidence that the defendant negligently set out fire and destroyed the plaintiff's property is sufficient to overrule a judgment as of nonsuit thereon, if of sufficient probative force.

CIVIL ACTION, tried before *Daniels, J.,* at December Term, 1919, of ONSLOW, upon these issues:

"1. Was the property of plaintiffs injured by fire on account of the negligence of the defendant as alleged? Answer: 'Yes.'

"2. If so, what damages have plaintiffs sustained? Answer: '$1,000.'"
Defendant appealed.

*Cowper, Whitaker & Allen; Frank Thompson; L. R. Varser, and Duffy & Day for plaintiffs.*
*Thomas D. Warren and Ward & Ward for defendant.*

PER CURIAM. The defendant moved to nonsuit in apt time upon the ground that the evidence was not sufficient to go to the jury tending to prove that plaintiffs' property was burned as a result of defendant's negligence. That is the only assignment of error. It is unnecessary to set out the evidence. It is largely circumstantial, but it is in our opinion amply sufficient in probation for us to warrant the judge in submitting the issues to the jury. Circumstantial evidence, as stated in *Ashford v. Pittman,* 160 N. C., 47, has often been allowed to determine more serious issues than those submitted in this case.